IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT HAMMETT, et al.,

        Plaintiffs,

  vs.                                                                          No. CIV 09-984 JCH/LFG

EMERALD CORRECTIONAL
MANAGEMENT, INC.,

        Defendant.

**ORDER DENYING AS MOOT PLAINTFF'S MOTION TO SUBMIT
APPLICATIONS TO PROCEED IN FORMA PAUPERIS
WITHOUT NOTARIZATION**

      THIS MATTER comes before the Court on Plaintiff's Motion to Allow the Plaintiffs to Submit Applications to Proceed *In Forma Pauperis* Without Being Notarized [Doc. 7].

      There are 13 named Plaintiffs in this civil rights lawsuit, filed October 9, 2009. Plaintiffs assert violations of their civil rights while incarcerated. Defendant has not yet been served with process. On October 19, 2009, the Court entered its Order to Cure Deficiency [Doc. 4], noting that Plaintiffs jointly submitted a Complaint but the required filing fee had not been paid. The Court notified Plaintiffs that the full filing fee must be paid or, alternatively, each inmate must file a motion to proceed *in forma pauperis* accompanied by the appropriate affidavit as required by 28 U.S.C. § 1915. Plaintiffs were further advised that if they elect to apply for *in forma pauperis* status, and if such status is granted, the Court will then determine an initial partial payment toward the filing fee.

      Plaintiff J. Tyrone Riordan ("Riordan") then filed the present Motion, purportedly on behalf of all 13 Plaintiffs, asking that the Court allow Plaintiffs to submit their *in forma pauperis* documents without notarization, on grounds that Defendant is interfering with Plaintiffs' access to

notary services at Lincoln County Detention Center, where Plaintiffs are housed.[1]

A correctional facility may not interfere with an inmate's right to adequate, effective and meaningful access to the courts, and this right to access includes the provision of notary services to authenticate legal documents at state expense, if necessary. Bounds v. Smith, 430 U.S. 817, 824-25 (1977); *modified by* Lewis v. Casey, 518 U.S. 343 (1996); *see also*, Van Riper v. Long, No. 95-8029, 1996 WL 34426, at *2 (10th Cir. Jan. 25, 1996).

In this case, notarization is not necessary. 28 U.S.C. § 1915(a)(1) provides that the Court may authorize commencement of any suit without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefor." Normally, an affidavit is a notarized document. However, 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

Thus, notarization services are not necessary for an *in forma pauperis* affidavit so long as it conforms to the requirements of 28 U.S.C. § 1746. The Motion will therefore be denied as moot.

Riordan is advised that he may not file motions on behalf of other Plaintiffs, as he purports to do in this instance. FED. R. CIV. P. Rule 11(a) provides that every written motion must be signed

---

[1] In a separate document, Riordan asks that he be granted "an audio/video appearance before U.S. Magistrate Judge Lorenzo F. Garcia to bring to the court's attention unethical practices of the defendants and to make a verbal request of the court." [Doc. 6]. This request is denied at this time as Defendant has not yet been served with process and the issues have not been joined. After service of process and the filing of an Answer, and after the Court determines whether a Martinez report is necessary to develop the factual basis of the Complaint, an evidentiary hearing will be ordered if the Court deems it necessary. At this point, Riordan's request for an "audio/video appearance" is premature.

by at least one attorney of record, *or by a party personally if the party is unrepresented*. A pro se litigant may only represent himself. Meeker v.Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"). In this case, the Court is not granting Riordan's motion; rather, it is denying it as moot, since Riordan does not need leave of Court to submit an affidavit that is not notarized so long as it meets the Section 1746 requirements. The same is true, of course, for the other Plaintiffs.

Riordan is advised that his *in forma pauperis* affidavit must not only contain the appropriate language under 28 U.S.C. § 1746, but it must also fulfill all requirements of 28 U.S.C. § 1915, including a showing that he is unable to pay the filing fee because of lack of funds, and attachment of a certified copy of his trust fund account statement for a six-month period immediately preceding the filing of the Complaint, as required by Section 1915(a)(2). The Court's ruling on this Motion does not relieve Riordan, or any other Plaintiff in this action, from the requirement of submitting a certified account statement. In addition, nothing herein relieves Riordan, or any other Plaintiff, of the 30-day deadline for curing deficiency, as set forth in the Court's October 19, 2009 Order [Doc. 4].

IT IS THEREFORE ORDERED that Plaintiff J. Tyrone Riordan's Motion to Allow the Plaintiffs to Submit Applications to Proceed *In Forma Pauperis* Without Being Notarized [Doc. 7] is denied as moot.

                                                      */s/ Lorenzo F. Garcia*
                                                      Lorenzo F. Garcia
                                                      Chief United States Magistrate Judge